

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 2, 1939

Honorable John C. Knorpp
County Attorney
Donley County
Clarendon, Texas

Dear Sir:

Opinion No. 0-680
Re: Operator of a nine or ten
pin alley must pay occupa-
tion tax for a whole year
under Art. 7048, even
though he only operates
for a part of the year.

This is in answer to your letter in which you ask
whether or not the operator of a nine or ten pin alley is
required to pay a county occupation tax, levied under Arti-
cle 7048 R.C.S., for a whole year even though he only operates
the same during the last nine months of the year.

The material parts of Article 7048 read as follows:

"Each commissioners court * * * shall
have the right to levy one-half of the occu-
pation tax levied by the State upon all oc-
cupations not herein otherwise specially ex-
empted; provided any one wishing to pursue any
of the vocations named in this chapter, upon
which any county occupation tax may be levied,
may do so by paying the same quarterly. The
receipt of the proper officer under seal shall
be prima facie evidence of the payment of such
taxes as are herein named. The provisions of
this law shall not be deemed to affect the pro-
visions of any law specially authorizing any
commissioners court to levy a different rate
of tax. No person shall be allowed license
for keeping any nine or ten pin alley, or any-
thing of the kind used for profit, for a per-
iod of less than twelve months, * * * *



You call our attention to the fact that the statute first provides that "anyone wishing to pursue any of the vocations named in this chapter upon which any county occupation tax may be levied, may do so by paying the same quarterly," and then it provides that "no person shall be allowed license for keeping any nine or ten pin alley * * * for a period of less than twelve months;" and you indicate that it is your opinion that this last quoted provision could not be construed to control because to do so would be discrimination in violation of the constitutional requirements that taxation must be equal and uniform. The preceding article, which is Article 7047, requires the payment of occupation taxes by persons in many different occupations, operators of nine and ten pin alleys being only one of the many of the persons named.

We cannot escape the fact that the last quoted provision of Article 7048, applying to nine and ten pin alleys, is a special provision, whereas the other quoted provision, applying to the quarterly payment of the tax in the case of all occupations, is a general provision. We think the special provision, requiring the payment for a full year on nine and ten pin alleys, controls, by virtue of the rule of law stated in 39 Tex. Jur. 212, as follows:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

We are now confronted with the question of whether or not this construction creates an unequal taxation in violation of the constitution. The Constitution of Texas in Sections 1 and 2 of Article VIII provides:

"Section 1. Taxation shall be equal and uniform. . . ."



"Section 2. All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; . . ."

The Fourteenth Amendment to the Constitution of the United States has been construed to require uniformity of taxation.

A review of the authorities convinces us that the Legislature has the authority to levy an occupation tax on the operators of a business such as that of maintaining a nine or ten pin alley without taxing any other occupation. In Ex parte Williams, 31 Tex. Cr. 262, 20 S. W. 580, 21 L. R. A. 783, in passing on the constitutionality of an occupation tax on lawyers (which tax has since been repealed) the Court of Criminal Appeals of Texas said:

"The objection that the tax is not equal and uniform is not tenable. The rule is that taxation will be equal and uniform if all persons in the same calling, trade or profession are taxed alike. Albrecht's Case, 8 Tex. App. 226; Texas Banking & Ins. Co. v. State, 42 Tex. 640; Tied. Lim. § 101, p. 282; Cooley, Const. Lim. 128, 138; Hodgson v. City of New Orleans, 21 La. Ann. 301."

A general statement of the rule is made in 61 Corpus Juris, 107, as follows:

"The constitutional provisions relating to equality and uniformity have been held not to require the equal taxation of all occupations or pursuits, nor prevent the legislature from taxing some kinds of business while leaving others exempt, or from classifying the different occupations for the purposes of taxation, but only requires that the burdens of taxation shall be imposed equally on all persons pursuing the same avocation in the absence of a valid classification. . . ."

This theory of the law was followed in State v. G. H. & S. A. Ry., 100 Tex. 153, 97 S. W. 71; Ex parte Walker, 121 Tex. Cr. 145, 52 S. W. (2d) 266; and Thompson v. State, 17 Tex.

Ct. App. 253.

This leads us to the conclusion that if it is constitutional to levy an occupation tax on operators of nine and ten pin alleys without levying such a tax on other callings, trades and professions, it is likewise constitutional to require the operators of nine and ten pin alleys to pay their occupation tax for an entire year regardless of the length of time they operate during the year but at the same time permit persons in other callings, trades and professions to pay such tax quarterly.

Our answer to your question is that the operator of a nine or ten pin alley is required to pay a county occupation tax, levied under Article 7048, for a whole year even though he only operates the same during the last nine months of the year.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

CCR-MR

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN